UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG LEE MILLER,

    Petitioner,

v.

                                  Case No. 25-cv-908-pp

STATE OF WISCONSIN,

    Respondent.

**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (DKT. NOS. 5, 7, 8, 9), DENYING PETITIONER'S MOTION TO CONSOLIDATE CASES (DKT. NO. 8) DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On June 26, 2025, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Five days later, the court received from the petitioner the $5 filing fee. The court then ordered the petitioner to file an amended petition using the court's standard form. Dkt. No. 4. In the three months since its June order, the court has received from the petitioner an amended petition on the standard form, dkt. no. 6, four separate motions to appoint counsel, dkt. nos. 5, 7-9, and a motion consolidate his federal *habeas* case with two ongoing state prosecutions, dkt. no. 8. Because the petitioner appears to be challenging a prior 1992 Operating While Intoxicated (OWI) conviction used to enhance his charges in pending state court cases, *habeas* relief is not available under 28

1

U.S.C. §2254. The court will dismiss the petition, deny the pending motions and dismiss the case.

**I.      Background**

   A.      Original <u>*Habeas* Petition (Dkt. No. 1)</u>

The petitioner did not file his original petition on the form required by this district. <u>See</u> Civil Local Rule 9(a)(1) (E.D. Wis.) ("All persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 . . . must file their application, petition, or motion with the Clerk of Court *using forms available from the Court.*") (emphasis added). The caption of that original petition referenced Racine County Case No. 2025CF547. Dkt. No. 1 at 1. The state court docket shows that in <u>State v. Miller</u>, Case No. 2025CF547 (Racine County Circuit Court), the petitioner has been charged with his fifth or sixth OWI, resisting or obstructing an officer, felony bail jumping and his fifth or sixth Operating with Prohibited Alcohol Concentration (PAC) (docket available at https://wcca.wicourts.gov). The docket shows that on September 12, 2025, the Racine County Circuit Court held a hearing on the petitioner's motion to dismiss, but at that hearing, the petitioner (representing himself) stated that he "[did] not want to address any motion on record today," saying that he "was not previously convicted of some past charges." <u>Id.</u> The petitioner asked the state court judge to recuse herself. <u>Id.</u> The docket reflects that the court has not yet held a preliminary hearing (a status conference is scheduled for November 5, 2025), the case remains open and no trial date has been set. <u>Id.</u>

The original petition raised four arguments with respect to Racine County Case No. 2025CF547: (1) ineffective assistance of counsel (the petitioner names public defender Addison Kuhn, who no longer represents him); (2) a Fourth Amendment violation based on the inclusion of prior OWI convictions from 1989, 1991 and 1992; (3) an unconstitutional state statutory scheme that permits the "use of prior refusal to submit to warrantless blood test after arrest to increase the criminal is unconstitutional;" and (4) a constitutional challenge to Wis. Stats. §§343.307(1)(f), 343.305(1) and 343.305(2). Dkt. No. 1 at 1. The original petition asserted that Attorney Kuhn was "unwilling to challenge or file any motions on the implied consent issues," id. at 2, and asked that all the petitioner's prior convictions be vacated or "not be counted." Id. at 3.

B.   Amended Petition (Dkt. No. 6)

The amended petition—prepared on the required form—identifies other criminal cases. Dkt. No. 6. It asserts that the petitioner is challenging the judgment of conviction entered in Racine County Case No. 1992CT1136, entered on December 23, 1992. Dkt. No. 6 at 2. According to amended petition, the petitioner pled no contest to operating a vehicle after revocation in 1992. Id.

The amended petition also asks this court to take judicial notice of Case No. 22-cv-595. Presumably that is a reference to Miller v. Racine County, *et al.*, Case No. 22-cv-595-pp, a closed §1983 lawsuit the petitioner filed in this district challenging his 1989, 1991 and 1992 OWI convictions. Id. at 3.

The amended petition references another ongoing criminal prosecution in Wisconsin. On page four of the amended petition under "direct state appeal of conviction," the petitioner says "no attorney willing to help" and "case is still open." Id. at 4. He then states that the "public defender's unwilling to file" in Oconto County Case No. 22CF25, id. at 4, and that the circuit court has not issued a ruling, id. at 5. The public docket shows that State v. Miller, Case No. 2022CF25 (Oconto County Circuit Court), filed on February 7, 2022, remains open with a final pretrial conference scheduled for January 12, 2026 and a jury trial scheduled for February 10, 2026 on OWI charges and operating with a PAC in violation of Wis. Stat. §346.63(1)(a) and (b). https://wcca.wicourts.gov.

Finally, the petitioner attached to the amended petition the dockets from State v. Craig Miller, Racine County Case No. 1989CT244; State v. Craig Miller, Racine County Case No. 1991CT30; and State v. Craig Miller, Racine County Case No. 1992CT1136. Dkt. No. 6-1 at 1-3. In Case No. 1992CT1136, the state court entered judgment on December 23, 1992. Id. at 3. The petitioner also attaches "orders of revocation test refusal" dated October 19, 1998 and what appears to be a similar order dated January 8, 1991. Id. at 4-5.

The amended petition does not identify any grounds for *habeas* relief.

## I. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing § 2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must

4

> order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a petitioner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court determines that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

5

Finally, even if a petitioner has exhausted a claim, the federal district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

There are several reasons that the petitioner cannot proceed with his §2254 petition. First, the petitioner appears to be challenging an ongoing state prosecution (or more than one ongoing state prosecution). Relief under §2254 is only available to a person in custody as the result of a judgment of conviction of a state court. 28 U.S.C. §2254(a). The petitioner currently is awaiting the appointment of counsel in Case No. 2025CF547 following the Racine County court's decision to allow Attorney Kuhn to withdraw. https://wcca.wicourts.gov. No trial date has been set in that case, and the petitioner recently refused to be heard on his motion to dismiss. Id. To the extent he is challenging the proceedings in Oconto County Case No. 2022CF25, that case, too, is ongoing; a jury trial is scheduled for February 10, 2025 and the petitioner is represented by Attorney Peter Heyne. Id. Under any view of the facts, the petitioner is not in custody "as the result of a judgment of the state court" in either Case No. 2025CF547 or Case No. 2022CF25.

Second, the petitioner has not exhausted his state court remedies. A petitioner is required to exhaust his claims by presenting them to the state court before proceeding to federal *habeas* review. Woodford v. Ngo, 548 U.S.

81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To exhaust his remedies, the petitioner must have raised every one of the issues he wishes to raise in this federal *habeas* petition in a filing with the Racine County and Oconto County courts and, if he loses there, he must raise those same issues in a direct appeal to the Wisconsin Court of Appeals and a petition for review to the Wisconsin Supreme Court. Only after raising his issues at all three levels of the Wisconsin state court system may he seek federal *habeas* review.

Third, even if the petitioner had filed a petition under 28 U.S.C. §2241 (which allows a federal court to entertain a request for a writ by someone who is in custody for reasons other than as a result of a state court judgment) rather than §2254, a federal court may not intervene in ongoing state court proceedings "as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (quoting Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007) and citing Younger v. Harris, 401 U.S. 37 (1971)). Review is limited to situations where immediate federal intervention is necessary to prevent the challenge from becoming moot, such as where the state court proceeding violated the petitioner's right to a speedy trial or placed

7

him in double jeopardy. Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010). Under the Younger abstention doctrine, the court would be required to abstain from deciding any issue the petitioner might have raised involving his ongoing criminal case or cases.

Fourth, the petitioner's attempts to challenge his judgment of conviction in Racine County Case No. 1992CT1136 are time-barred. A petitioner must file his *habeas* petition within one year of his conviction becoming final. 28 U.S.C. §2254(d)(1)(A). The Racine County Circuit Court entered judgment on December 23, 1992. The petitioner did not appeal. That means that his conviction became final over thirty years ago.

Meanwhile, the petitioner cites to Miller v. Racine County, *et al.*, Case No. 22-cv-595-pp, which was a §1983 lawsuit the petitioner filed in the federal court for the Eastern District of Wisconsin. This case is worth mentioning only to the extent that it provides some insight into what the petitioner is arguing in this case. In Case No. 22-cv-595, the petitioner alleged that Racine County had convicted him "under a Wisconsin statutory scheme permitting the use of prior refusal to submit to a warrantless blood test after arrest to increase the criminal penalty for a subsequent OWI that has been ruled unconstitutional." Id., Dkt. No. 1 at 2. He further alleged that his 1992 OWI conviction violated his Fourth Amendment rights, and that the district attorneys continued to prosecute him in 2022 even though his prior four OWI convictions were "implied consent convictions." Id. at 3.

In its May 18, 2022 order dismissing that case, this court explained to the petitioner that it was "far too late for him to raise any civil rights claims regarding" his 1989, 1991 and 1992 OWI convictions. Id., Dkt. No. 7 at 11. The court refused to allow the petitioner to add as a defendant Brian Hayes (who also is referenced in one of the petitioner's pending motions to appoint counsel in this case) because the petitioner's only reason for naming Hayes was that he was a supervisor in the Division of Hearings and Appeals for the State of Wisconsin. Id. Finally, the court explained to the petitioner that there were no extraordinary circumstances that would permit the court to interfere in his ongoing state criminal proceedings in State v. Miller, Oconto County Case No. 2022CF25. Id. at 16.

For these reasons, federal *habeas* relief under §2254 is unavailable to the petitioner at this time.

## II. Motions to Appoint Counsel and Consolidate (Dkt. Nos. 5, 7, 8, 9)

### A. First Motion to Appoint Counsel (Dkt. No. 5)

On July 9, 2025, the court received from the petitioner a one-page motion asking the court to appoint counsel because the state allegedly has appointed attorneys who refuse to litigate the "implied consent issue and the many constitutional violations." Dkt. No. 5 at 1. Again, the petitioner asks the court to take judicial notice of Miller v. Racine County, *et al.*, Case No. 22-cv-595, and of a writ that he intends to file in the Racine County court. Id. at 1. He explains that he does not have money for an attorney but says nothing about trying to find one to represent him free of charge.

9

B.     Second Motion to Appoint Counsel (Dkt. No. 7)

On August 20, 2025, the court received from the petitioner a second motion to appoint counsel. Dkt. No. 7. Again, he did not mention making any effort to find a lawyer on his own. His entire motion states:

> I First want to alert the Court to a post-conviction order in Case No. 04-CF-791. This order may shed light on why Jennifer Bias and Adrienne Moore of the Racine Public defender's office only Appoint Attorneys unwilling to help me. see Exhibits A, B, C.
>
> They All Have Copys of the Racine Circuit Court Records And the State Motor Vehical Records.

Id. at 1. Although his motion refers to the "Racine Public defender's office" and "Racine Circuit Court Records," the petitioner's exhibits all reference the Oconto County case. He attached a letter dated August 8, 2025, in which Attorney Henye, an Assistant State Public Defender, informed the petitioner that a hearing in the Oconto County case had been rescheduled and that, as Henye and the petitioner had discussed, Henye would not "fil[e] motions without merit." Dkt. No. 7-1. Heyne informed the petitioner, "[w]e need to move beyond the prior OWIs" and asked, "do you want to schedule the jury trial, or negotiate a plea deal?" Id. The petitioner also attached a September 3, 2025 notice of a status conference regarding the OWI (5th or 6th) and Operating with PAC (5th or 6th) in the Oconto County case. Id. at 2. Finally, the petitioner attached a notice of a rescheduled final revocation hearing from the Wisconsin Division of Hearings and Appeals, informing him that he had a hearing scheduled for September 16, 2025. Id. at 3.

## C. Request for Case Consolidation and Third Motion for Appointment of Counsel (Dkt. No. 8)

On October 1, 2025, the court received from the petitioner a request for case consolidation and appointment of counsel. Dkt. No. 8. He lists in the case caption the case number for this *habeas* case, Case No. 25-cv-908, and the case numbers for his two pending state court cases, Case Nos. 25CF547 and 22CF25. Id. at 1. It appears that he wants this federal court to consolidate this federal case with his two pending state cases. He argues that the state is going to send him back to prison by "using furits [sic] from a poisonous tree the unconstitutional OWI convictions from 1989, 1991, 1992 do [sic] to Wis. Stat. 343.305[10]." Id. The petitioner attached a letter from the assistant district attorney in the Racine County case, asking the Racine County Circuit Court to deny a motion to modify apparently filed by the petitioner and explaining to the Racine Circuit Court judge that the petitioner's prior offenses were charged under §346.63(1)(a) (the operating while intoxicated statute) rather than §343.05 (the implied consent statute). Dkt. No. 8-2 at 1. The assistant district attorney also referenced the petitioner's orders of revocation from the Wisconsin Department of Transportation, one in 1989 and one in 1993, recounting that each order had revoked the petitioner's "privilege to operate a motor vehicle" for three years and stressing that those revocations were because of his convictions for operating while under the influence of an intoxicant or controlled substance. Id. at 2.

Although the petitioner labeled his motion a Request for Case Consolidation and Appointment of Counsel, he does not ask this court to

11

appoint counsel and again does not explain whether he has tried to find an attorney on his own.

D. <u>Fourth Request for Appointment of Counsel (Dkt. No. 9)</u>

On October 8, 2025, the court received from the petitioner another motion to appoint counsel under 18 U.S.C. §3006A, asserting that the public defender's office "has refused to appoint [him] counsel willing to hold the State of Wisconsin accountable for clear and odvious [sic] constitutional violations." Dkt. No. 9. He asks the court to appoint counsel to represent him in his state court cases because the state allegedly is using his "implied consent convictions" "against [him] as OWI. <u>Id.</u> He asserts that his previous appointed attorneys all refused to file his motions. <u>Id.</u> The record reflects that the petitioner has had six attorneys appointed in Oconto Couty Case No. 2022CF25. https://wcca.wicourts.gov. The petitioner again provided no information as to whether he's tried on his own to hire an attorney.

E. <u>Analysis</u>

To the extent that the petitioner is asking this federal court to consolidate a federal *habeas* petition with a state court revocation proceeding from one county and a pending state criminal case from another county, the court will not do so. The court is not aware of any authority that would allow it to take such action. The state-court system and the federal-court system are two separate, distinct legal systems. This federal court does not have the authority to consolidate a federal case with a state case.

Regarding appointment of counsel, the court already has explained to the petitioner why he cannot proceed with this federal *habeas* petition under 28 U.S.C. §2254. Not only is he challenging ongoing state court litigation and a conviction over thirty years old, but before filing this *habeas* petition he also failed to exhaust his arguments about the use of his prior OWIs and the constitutionality of the state statutes under which he is charged. There is no reason for the court to appoint counsel to represent the petitioner in this federal *habeas* case.

To the extent that the petitioner is asking this federal court to appoint counsel to represent him in his *state* cases, the court does not have the authority to do so. This federal court has the authority to appoint *federal* defense attorneys in *federal* criminal cases. It does not have the authority to appoint lawyers of any sort in state cases. That authority belongs to the Racine and Oconto County Circuit Courts and to the Wisconsin State Public Defender. The court will deny the petitioner's motions to appoint him counsel.

If—eventually—the petitioner is convicted in the Racine County and/or the Oconto County cases, exhausts his state court remedies and files *habeas* petitions (for each case), the court advises the petitioner that he has no statutory or constitutional right to court-appointed counsel in federal civil litigation (and a federal *habeas* petition is a civil suit). Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). When evaluating a motion to appoint counsel in a civil case, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable

attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). If and when the petitioner ever returns to this federal court on a *properly filed habeas* petition, he must demonstrate to the court both that he tried to find counsel on his own and that the case is too difficult for him to handle himself; otherwise, the court will not consider any request to appoint counsel.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief.

## IV. Conclusion

The court **DISMISSES** the original petition and the amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254 because federal *habeas* relief under the statute is not available where there is no judgment of conviction, the petitioner has failed to exhaust his state court remedies and any attempt to challenge his 1992 conviction is time barred. Dkt. Nos. 1, 6.

The court **DENIES** the petitioner's motions to appoint counsel. Dkt. Nos. 5, 7, 8, 9.

The court **DENIES** the petitioner's motion to consolidate this case with his pending state court cases. Dkt. No. 8.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**