CRAIG LEE MILLER,

                Petitioner,

                                      Case No. 25-cv-908-pp

   v.

STATE OF WISCONSIN,

                Respondent.

## ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(B) (DKT. NO. 13)

On October 20, 2025, the court dismissed the petitioner's 28 U.S.C. §2254 petition for a writ of *habeas corpus* challenging OWI convictions from 1989, 1991 and 1992. Dkt. No. 10. The court provided several reasons for the dismissal, including the fact that the petitioner was not "in custody" as the result of a state court conviction. Id. at 6.

Three months later, the court received from the petitioner a motion to reconsider under Rule 60(b), asking the court to "take judicial notice of what is now going on in Case No. 22-CF-25 Oconto County." Dkt. No. 13 at 1. He asserts that the court has blocked him from being heard on his request to have the "implied consent convictions removed from [his] record." According to the petitioner, the circuit court will allow only Peter Hines, the petitioner's attorney, to address the court; the petitioner says that he (the petitioner) has tried to point out that none of his prior Racine County Circuit Court cases had

1

charges filed or judgments entered. Id. at 2. The petitioner says that the circuit court has ruled that Attorney Hines "could not be removed, [the petitioner] was not capable of representing [him]self;" the petitioner believes that counsel has "made a complete fool out of [the petitioner] in court." Id. The petitioner says the court gave him two minutes, stopped him after one minute and "repeatedly" went off the record "to hide what was really going on." Id. at 3. The petitioner asks why everything he files is sent to Judge Griesbach in Case Nos. 25-cv-2053 and 25-cv-1982. Id. He asks the court to allow him to amend his petition "to move under 28 U.S.C. 2241" because the "state refused" him an opportunity and "no exceptional circumstances exist." Id. at 4.

The petitioner filed his motion under Rule 60(b), which allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud;
>
> (4) a void judgment;
>
> (5) the judgment has been satisfied, released, discharged, vacated or cannot be applied prospectively for equitable reasons; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The petitioner has failed to make the requisite showing under Rule 60(b). The amended petition stated that the petitioner was challenging his conviction in Racine County Circuit Court Case No. 1992CT001136. Dkt. No. 6 at 2. That

2

conviction became final decades ago, and the court explained that any challenge to that conviction would be time-barred under the one-year limitation period. Dkt. No. 10 at 8 (citing 28 U.S.C. §2254(d)(1)(A)). The court also explained that the petitioner must be in custody as a result of the underlying judgment of conviction and that he cannot challenge other, ongoing criminal prosecutions before exhausting his state court remedies. Id. at 6, 7. And the court explained that a federal court may not intervene in ongoing state court proceedings "as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Id. at 7 (citing Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (quoting Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007)). Nothing in the petitioner's Rule 60(b) motion suggests that there was a mistake, fraud, newly discovered evidence, a void judgment or any other basis for reconsideration.

The petitioner references several other pending criminal matters. For example, he directs the court's attention to State of Wisconsin v. Craig L. Miller, Oconto County Case No. 22-CF-25, in which the clerk entered a judgment of conviction on April 17, 2026, following a guilty jury verdict on one count of an OWI (5th or 6th). https://wcca.wicourts.gov. The Wisconsin Court of Appeals issued a decision on May 29, 2026; it does not appear that the petitioner has pursued further relief in that case. Id.

The petitioner also argues that he has tried to get the state public defenders to raise federal claims in Racine County Circuit Court Case No. 2025CF547. In that case, the circuit court is in the process of appointing

3

counsel for the petitioner (on charges of OWI, resisting or obstructing an officer, bail jumping and operating with PAC) and trial has not been scheduled. https://wcca.wicourts.gov. The circuit court has scheduled a status conference for June 22, 2026. Id.

The petitioner already has filed a *habeas* petition under 28 U.S.C. §2241 challenging his prior OWI convictions and referencing Oconto Case No. 22CF25 and Racine County Circuit Court Case No. 2025CF547. Miller v. Wisconsin, Case No. 25-cv-1982. Judge Griesbach denied that *habeas* petition on January 6, 2026, id. at dkt. no. 5, and since has denied several Rule 60(b) motions, id. at dkt. nos. 9, 10, 11. Judge Griesbach explained several times that the federal courts will not interfere with ongoing state-court proceedings. Id. at Dkt. Nos. 5, 9, 11.

The court **DENIES** the petitioner's motion pursuant to Rule 60(b). Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 17th day of June, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

4